FILED
2018 Jun-11 AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CALVIN EUGENE BROWN, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-2034-CLS |
| | ) |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Claimant, Calvin Eugene Brown, commenced this action on December 5, 2017, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that: (1) the ALJ erred by failing to make a credibility finding; (2) the Appeals Council erred by failing to find that newly submitted evidence would have changed the administrative decision; (3) the ALJ improperly considered the opinions of the consultative examiners; (4) the ALJ failed to apply Grid Rule 201.12; and (5) the ALJ's decision was not based upon substantial evidence. Upon review of the record, the court concludes that claimant's second contention has merit, and the case should be remanded to the Commissioner for further consideration of the new evidence.

Prior to the ALJ's administrative decision, claimant submitted a March 17, 2016 letter from his primary care physician, Dr. Ochuko Odjegba of Quality of Life Health Services, which stated only: "To Whom It May Concern: Mr. Brown is currently under my medical care. Due to his medical conditions he is unable to gain and keep employment. If you have any questions or concerns please call my office at [telephone number omitted]. Thank you."[1] The ALJ considered that letter but afforded it only little weight, explaining:

> While the determination of an individual's residual functional capacity and the ultimate question of disability are issues reserved to the Commissioner, treating physicians can offer opinions regarding their

---

[1] Tr. 459 (alteration supplied).

> patients' ability to engage in certain work-related activities. In this case, Dr. Odjegba merely offered a conclusory statement, which is not entitled to any special significance. The undersigned further notes that the type and pattern of treatment Dr. Odjegba has provided is inconsistent with a finding of disability.

Tr. 28.

Claimant has not challenged the ALJ's treatment of Dr. Odjegba's March 17, 2016 letter. Instead, claimant submitted to the Appeals Council a Physical Capacities Form completed by Dr. Odjegba on December 22, 2016. On the one-page form, Dr. Odjegba indicated that claimant could sit upright in a standard chair for fifteen minutes at a time, and stand for fifteen minutes at a time. During an eight-hour day, claimant would have to lie down, sleep, or sit with his legs propped at waist level or above for five hours. In addition to normal workday breaks, claimant could be expected to be off-task for eighty percent of the time during a normal work day. During a thirty-day period, claimant could be expected to fail to report to work more than fifteen days as a result of his medical conditions. Claimant could occasionally lift up to twenty pounds, but he could never lift more than twenty pounds. Dr. Odjegba stated that claimant's limitations were caused by severe back pain, and that claimant experienced sedation as a side effect of his medications. Claimant's limitations existed as far back as September 24, 2014,[2] and they could be expected to

---

[2] The significance of this date is not clear from the record. Claimant's alleged disability onset date was January 19, 2014. Tr. 21.

last twelve months or more.[3]

The Appeals Council did not consider Dr. Odjegba's Physical Capacities Form, and did not make it part of the administrative record. The Appeals Council reasoned that, even though the form related back to September 24, 2014, which was prior to the ALJ's December 5, 2016 administrative decision, it did not "show a reasonable probability that it would change the outcome of the decision."[4] Claimant now contends that the Appeals Council erred by failing to consider the form.

> When a claimant submits new evidence to the AC [*i.e.,* the Appeals Council], the district court must consider the entire record, *including the evidence submitted to the AC*, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262. Remand is appropriate when a district court fails to consider the record as a whole, *including evidence submitted for the first time to the AC*, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Astrue,* 272 F. App'x 789, 802 (11th Cir. 2008) (alteration and emphasis supplied). Moreover, new evidence should be considered if there is a reasonable possibility that it would have changed the administrative result. *Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317, 1321 (11th Cir. 2015).

It is true that Dr. Odjegba's Physical Capacities Form describes a severely

---

[3] Tr. 7.
[4] Tr. 2.

4

disabled individual. But the Appeals Council was not necessarily required to credit Dr. Odjegba's statements, even though they came from a treating physician. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. (alterations supplied). Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d), 416.927(d).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. §§ 404.1527(c), 416.927(d). *See also Wheeler v. Heckler*, 784 F.2d

5

1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

The Commissioner asserts that the Appeals Council was justified in refusing to consider Dr. Odjegba's form because the form essentially was no different from Dr. Odjegba's previous conclusory statement that claimant was unable to gain and keep employment. The court disagrees with that assertion because the Physical Capacities Form provides much more detail about claimant's functional abilities than Dr. Odjegba's earlier conclusory opinion. The Commissioner also asserts that the severe limitations noted the Physical Capacities Form are unsupported by any physical findings. Claimant saw Dr. Odjegba from March 2015 to May 2016. He reported back pain with radiation on March 17, 2015, and the pain had worsened by May 28, 2015.[5] He next reported chronic back pain on January 21, 2016, and worsening of the pain on March 17, 2016.[6] Throughout his treatment by Dr. Odjegba, claimant was prescribed medication for back pain and muscle spasms.[7] Records from another treatment provider at Quality of Life Health Services reflect that claimant began

---

[5] Tr. 460-62.
[6] Tr. 470-72.
[7] Tr. 460-75.

reporting back pain, joint swelling, muscle weakness, and tenderness to palpitation in his lower back in September 2014, and that he was continually prescribed medications to treat the pain and muscle spasms.[8] The physicians' observations of joint swelling, muscle weakness, tenderness to palpitation, and radiating pain constitute clinical findings to support the limitations assessed on Dr. Odjegba's form.

In summary, the court concludes that Dr. Odjegba's Physical Capacities Form was sufficiently material to the disability determination to at least warrant consideration by the Appeals Council. Accordingly, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further consideration of Dr. Odjegba's Physical Capacities Form, further evaluation of the limitations resulting from claimant's lower back condition, and any other necessary proceedings consistent with this memorandum opinion and order.

The Clerk is directed to close this file.

DONE and ORDERED this 11th day of June, 2018.

_____
United States District Judge

---

[8] Tr. 405-420.